IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | Criminal Action No. 1:16-CR-00026-MAC |
| v. | § | |
| | § | -ZJH-2 |
| RICKY FACKRELL, | § | |
| | § | CAPITAL 2255 PROCEEDINGS |
| *Defendant.* | § | |
| | § | HON. MARCIA CRONE |
| | § | |

### MOVANT'S MOTION FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255

Movant, RICKY FACKRELL, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court, pursuant to 18 U.S.C. § 3599(a)(2), to appoint counsel to represent him in pursuing any available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Specifically, Mr. Fackrell requests that the Court appoint the Federal Public Defender for the Middle District of Tennessee in Nashville, Tennessee (FPD-TNM). In support, he states the following.

1.  Petitioner, Ricky Fackrell, is a federal prisoner sentenced to death because of his convictions in this Court (No. 1:16-cr-00026-2). His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on direct appeal, *United States v. Fackrell*, No. 18-40598  (5th Cir. 2021), and his petition for certiorari is pending before the Supreme Court. *Fackrell v. United*

*States*, No. 21-5995. That petition is expected to be ruled on in about a month, at which point, assuming it is denied, Mr. Fackrell's statute of limitations for filing his § 2255 motion will begin to run.

2.         As required by Administrative Office of the Courts ("AO") protocol, notification of a potential out-of-district defender appointment has been provided to Fifth Circuit Chief Judge Owen who posed no objection. The FPD-TNM has been granted permission to seek appointment in Mr. Fackrell's case.[1]

3.         Pursuant to 18 U.S.C. § 3599(a)(2), this motion seeks the appointment of the FPD-TNM[2] who possess specialized expertise in capital post-conviction litigation which will ensure both that Mr. Fackrell receives qualified counsel and that the case is handled efficiently and without wasted resources. Since 1995, the FPD-TNM has received funding for a capital habeas unit which represents capital habeas corpus petitioners in Tennessee. The FPD-TNM's capital lawyers have represented dozens of prisoners in Tennessee's federal district courts and at the United States Court of the Appeals for the Sixth Circuit. Counsel from the FPD-TNM have been faculty in numerous regional and national AO-sponsored training programs, and have participated in court committees regarding capital

---

[1] Undersigned counsel was contacted by attorneys with the Federal Capital Habeas Project, a program established by the Judicial Conference of the United States Committee on Defender Services in 2006, to assist with recruitment of counsel for federally death-sentenced prisoners whose § 2255 litigation is commencing. As a program founded and funded by the judiciary, the Project is acutely aware of the need for fiscal efficiency and cost containment.

[2] Federal Public Defender program policy requires that the office itself seek appointment. Should this Court grant this motion, the Defender would assign capable attorneys to the case, including the Supervising Attorney of the Unit.

post-conviction litigation. More recently, the FPD-TNM has responded to requests to represent capital post-conviction petitioners out of district in § 2255 litigation where the death penalty has been imposed, including the Western District of Missouri and Eastern District of Tennessee. The FPD-TNM also represents an out of district § 2254 litigant in the Southern Districts of Texas. Representation by defender organizations outside the jurisdiction is common in capital §2255 cases. Because opposing counsel nationwide are all associated with and generally assisted by the Department of Justice, the practice across jurisdictions tends to be similar, and there are no state law concerns at issue. Moreover, as in this case, the local defender office is often unable to provide conflict-free representation in these post-conviction cases. (The Federal Public Defender for the Eastern District of Texas represented Mr. Fackrell's codefendant at trial.) The FPD-TNM at this time remains adequately staffed and funded to assume representation in Mr. Fackrell's case.

4.       The FPD-TNM would provide appropriate and cost-effective representation to Mr. Fackrell. The defender office would bring considerable experience in capital § 2255 litigation. If appointed, the case would be assigned to the Supervisor of the Unit, Ms. Kelley Henry, to act as lead counsel. Ms. Henry has worked in the area of capital indigent defense since 1989. She has represented capital defendants at trial, direct appeal, state post-conviction, federal habeas, certiorari, and clemency. Ms. Henry has received the ABA Death Penalty Projects Justice John

Paul Stevens Guiding Hand of Counsel Award and the Tennessee Association of Criminal Defense Lawyers Death Penalty Award. The FPD-TNM employs staff who have experience working in Utah where Mr. Fackrell was born and raised who will be well-suited for the investigation of mitigating evidence. The lead investigator who would be assigned also has extensive experience working on capital cases in Texas, has twenty-five years' experience working in capital cases, and a Bachelor's degree in criminal justice with minors in law enforcement and psychology. The Mitigation Specialist who would be assigned has a Master's in Social Work and more than a dozen years' experience. Additionally, because the office represents another individual housed at USP-Terre Haute, client visits can be consolidated resulting in a net cost savings. If appointed, it would not require any funding from this Court for attorney fees, litigation expenses or travel costs. Should the FPD-TNM be appointed, it would also be able to provide funding for any expert witnesses that might be necessary for this litigation.

WHEREFORE, Mr. Fackrell respectfully requests that the Court appoint the Federal Public Defender for the Middle District of Tennessee as counsel to investigate and prepare his § 2255 motion. A proposed order accompanies this motion.

Respectfully submitted,

*/s/ Kelley J. Henry*

Kelley J. Henry, TN BPR 021113, MO. Bar. 38849
Supervisory Asst. Fed. Public Defender
Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203
Phone: (615) 736-5047
Kelley_Henry@fd.org

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rules CR-49(a) and CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rules CR-49(a), CV- 5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rules CR-49(a) and CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service are being served with a true and correct copy of the foregoing by email on this the 14th day of February 2022.

*/s/ Kelley J. Henry*
Kelley J. Henry

5