IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| V. | ) | No. 1:16-cr-00026-MAC-ZJH-2 |
| | ) | |
| RICKY ALLEN FACKRELL | ) | **CAPITAL 2255 PROCEEDINGS** |
| | ) | |
| | ) | |

---

### PETITIONER'S UNOPPOSED MOTION TO EXCEED PAGE LIMIT

---

Ricky Fackrell respectfully moves the Court for leave to exceed the page limit established by local rule for motions filed pursuant to 28 U.S.C. § 2255. In support of this request, Mr. Fackrell states the following:

Mr. Fackrell is currently incarcerated in Terre Haute, Indiana, having been convicted and sentenced to death in this Court. His motion to be filed under 28 U.S.C. § 2255 is due on March 21, 2023. Local Rule CV-3(b) requires that petitioner seek leave of court to file a petition which exceeds one hundred pages.

Motions filed pursuant to 28 U.S.C. § 2255 must contain factual specificity. Rule 2 of the rules governing 28 U.S.C. § 2255 requires that such motions "specify all the grounds for relief available to the moving party" and include a summary of the facts supporting each ground and a statement of the relief requested.

The trial in Mr. Fackrell's death penalty case lasted thirty-six days and took place over the course of eleven weeks, generating 7,659 pages of transcripts. Habeas counsel's current file for Mr. Fackrell contains over ninety thousand pages of documents. Moreover, counsel has conducted interviews with over 50 witnesses who could have been called to testify at trial. In addition, counsel have retained expert witnesses to evaluate evidence uncovered during the investigation, generating reports which must be incorporated and discussed in the context of several claims.

Most of the claims to be included in the motion are highly factual in nature. As to each of these claims, the motion must recite specific facts and provide sufficient analysis. *See Hill v. Lockhart*, 474 U.S. 52, 57–60 (1985) (finding general allegations of ineffective assistance insufficient; petitioner must allege specific facts establishing both unreasonable representation and prejudice); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements"); *Davis v. Butler*, 825 F.2d 892, 895 (5th Cir. 1987) ("Given his lack of concrete allegations which would require an evidentiary hearing, we decline to consider this claim."). These highly fact-intensive claims require significant analysis in the motion. The large number of such claims and the pleading requirements of the rules necessitate the filing of a motion which exceeds the limit set by the Court's rule.

While counsel for Mr. Fackrell endeavored to write as concisely as possible, given the complexity of this case and the numerous legal issues presented, counsel requests leave to file an oversized petition. The Government, through Assistant

United States Attorney Bradley Viosky, has stated that they have no objection to this motion.

Accordingly, Mr. Fackrell respectfully requests that the Court grant his motion for leave to exceed the page limit and authorize him to file an over-length motion of not to exceed 275 pages.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE DISTRICT OF TENNESSEE
CAPITAL HABEAS UNIT

KELLEY J. HENRY
Supervisory Asst. Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
Phone:  (615) 736-5047
Fax:     (615) 736-5265
Email:   Kelley_Henry@fd.org

BY: /s/ *Kelley Henry*

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 17, 2023, Assistant United States Attorney

Joseph Batte communicated that the Government does not oppose this motion.

*/s/ Kelley Henry*
Date: March 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for the

Government by electronic case filing via the PACER CM/ECF system.

*/s/ Kelley Henry*
Date of Service: March 20, 2023